UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAVID DEWAYNE BROWN | CIVIL ACTION NO. 08-0617 |
| VS. | SECTION P |
| DAVE YELVERTON, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff David Dewayne Brown, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), who is incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 7, 2008. Plaintiff, who has been permitted to litigate his claims *in forma pauperis*., complains that he was sexually assaulted by an inmate and then later "sexually physically harassed" by corrections officers. He prays for an unspecified amount of compensatory damages for pain and suffering and for a transfer to another prison. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of F.R.C.P. Rule 41(b).

### *Statement of the Case*

Plaintiff filed his complaint on May 7, 2008. [rec. doc. 1] On July 14, 2008, the undersigned completed an initial review pursuant to 28 U.S.C. §1915 and directed the plaintiff to amend his complaint to provide additional information within 30 days. [rec. doc. 4] More than

30 days have elapsed and plaintiff has failed to comply with the July 14 Memorandum Order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's deficient complaint was reviewed pursuant to 28 U.S.C. §1915 and plaintiff was directed to amend the complaint to cure noted deficiencies. Plaintiff has failed or refused to comply with that order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, September 23, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE